IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| KENNETH STEWART, #277 718, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CIVIL ACTION NO. 2:15-CV-420-MHT |
| | ) | [WO] |
| WARDEN KARLA JONES, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

**ORDER AND RECOMMENDATION OF THE MAGISTRATE JUDGE**

Plaintiff, an inmate incarcerated at the Easterling Correctional Facility in Clio, Alabama, filed this complaint on June 15, 2015. Subsequently, and prior to the filing of an answer and special report, Plaintiff filed a motion to withdraw the complaint. *Doc. No. 6*.

Under Federal Rule of Civil Procedure 41(a)(1)(A), "the plaintiff may dismiss an action without a court order by filing: (i) a notice of dismissal before the opposing party serves either an answer or a motion for summary judgment; or (ii) a stipulation of dismissal signed by all parties who have appeared in the action." "Ordinarily, a Rule 41(a)(1)(A) voluntary dismissal is effective immediately and requires no action by the district court." *Univ. of S. Ala. v. Am. Tobacco Co.*, 168 F.3d 405, 409 (11th Cir. 1999). Because a voluntary dismissal is self-executing, it may precede any analysis of subject-matter jurisdiction and moots all pending motions. *Id*.

A plaintiff may properly effect a Rule 41(a)(1)(A) dismissal by filing a "notice of dismissal." Fed. R. Civ. P. 41(a)(1)(A)(i). Although Plaintiff designates his filing as a "motion" to withdraw, the court notes that no answer or motion for summary judgment has been filed by Defendants and Plaintiff may dismiss his action as a matter of right. The court, therefore, will

construe the "motion" to withdraw the complaint as a "notice" of dismissal within the meaning of Fed. R. Civ. P. 41(a)(1)(A)(i). *See Matthews v. Gaither*, 902 F.2d 877, 880 (11th Cir. 1990) (citation omitted) ("[t]he fact that a notice of dismissal is styled "motion to dismiss" rather than "notice of dismissal" is without consequence.").

In light of the foregoing, the court concludes this case is due to be dismissed without prejudice under Federal Rule of Civil Procedure 41(a)(1)(A)(i).

Accordingly, it is

ORDERED that Plaintiff's motion to withdraw complaint (*Doc. No. 6*) is considered a notice of dismissal under Federal Rule of Civil Procedure 41(a)(1)(A)(i).

It is the RECOMMENDATION of the Magistrate Judge that this case be DISMISSED without prejudice under Federal Rule of Civil Procedure 41(a)(1)(A)(i). *See Doc. No. 6*.

It is further

ORDERED that the parties are DIRECTED to file any objections to the said Recommendation on or before **July 23, 2015**.  Any objections filed must specifically identify the findings in the Magistrate Judge's Recommendation to which the party is objecting.  Frivolous, conclusive, or general objections will not be considered by the District Court.  The parties are advised that this Recommendation is not a final order of the court and, therefore, it is not appealable.

Failure to file written objections to the proposed findings and recommendations in the Magistrate Judge's report shall bar the party from a *de novo* determination by the District Court of issues covered in the report and shall bar the party from attacking on appeal factual findings in the report accepted or adopted by the District Court except upon grounds of plain error or manifest injustice.  *Nettles v. Wainwright*, 677 F.2d 404

(5th Cir. 1982); s*ee Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982); s*ee also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981) (*en banc*) (adopting as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981).

Done this 9th day of July, 2015.

/s/ Wallace Capel, Jr.
WALLACE CAPEL, JR.
UNITED STATES MAGISTRATE JUDGE